**Dated: August 17, 2006**
**The following is ORDERED:**

Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**MAVIS HARLENE DAVIS**  Case No. 06-80197
Chapter 7

Debtor.

## OPINION

On the 19th day of July, 2006, the Motion to Disgorge Attorney Fee, filed by Trustee, came on for hearing. Appearances were entered by Gerald R. Miller, Trustee, and Greg S. Wilson, Attorney for Debtor. Mr. Wilson was directed to file a proper Objection to the Trustee's Motion, and his Objection was filed on July 20, 2006. After hearing and reviewing the evidence presented, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

This Court issued an Opinion on December 29, 1999, that found a reasonable attorney's fee in a simple Chapter 7 case in this District ranged from $500.00 to $750.00. *In re Sturgeon,* 242 B.R. 724

(Bankr. E.D. Okla. 1999). In the case now before the Court, Mr. Wilson charged the Debtor $1,500.00 for legal services, and received the full fee prior to the filing of the petition. The bankruptcy filing fee was paid from the $1,500.00 Mr. Wilson received from the Debtor. The Trustee states in his Motion that this case is a simple Chapter 7 case, and that there are no significant issues that would justify charging $1,500.00, other than those duties imposed by existing law, specifically the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). This Court must now determine if the reasonable presumptive attorney's fee in routine Chapter 7 cases in this District, as set forth in the prior Opinion, should be modified.

Mr. Wilson testified at the hearing that there is a significant increase in the amount of time spent on bankruptcy cases filed after BAPCPA. The additional requirements under BAPCPA, including additional disclosures to clients, increased attorney liability, additional paperwork and extra time spent verifying information provided by the Debtors, increases the amount of time attorneys spend on routine Chapter 7 bankruptcy cases. Mr. Wilson stated that attorneys also help debtors in obtaining the required credit counseling and financial management education.

In this bankruptcy case, there is no real property listed on Schedule A and the personal property is valued at $8,450.00. The schedules reflect secured claims in the amount of $65,776.00, and unsecured nonpriority claims in the amount of $36,668.97. The disclosure of compensation provides that "[b]y agreement with the debtor(s), the ... fee does not include the following service: Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding." The fee does include (1) analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy; (2) preparation and filing of any

2

Case 06-80197    Doc 37    Filed 08/17/06    Entered 08/17/06 09:48:12    Desc Main
Document      Page 2 of 5

petition, schedules, statement of affairs ...; (3) representation of the debtor at the meeting of creditors ...; (4) negotiations with secured creditors; (5) exemption planning; (6) preparation and filing of reaffirmation agreements; and (7) preparation and filing of motions pursuant to 11 U.S.C. 522(f)(2)(A) for avoidance of liens on household goods.

Mr. Wilson's time records reflect total fees of $1,912.50. Adding the filing fee brings Mr. Wilson's total fees and costs to $2,211.50. This Court notes that this figure represents a combination of the time spent by Mr. Wilson and his paralegal on this case. There are no separate entries that reflect what exactly was performed by Mr. Wilson, and what was performed by the paralegal.

An attorney representing a debtor is required to file a "statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition." 11 U.S.C. § 329(a). However, an attorney's compensation is limited by § 329(b):

> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to -
>     (1) the estate if the property transferred -
>         (A) would have been property of the estate; or
>         (B) was to be paid by or on behalf of the debtor under a
>         plan under chapter 11, 12, or 13 of this title; or
>     (2) the entity that made such payment.

11 U.S.C. § 329(b). A variety of factors are examined when determining a reasonable attorney's fee. The factors set out in § 330(a)(3) include: (1) the time spent on such services; (2) the rates charged for such services; (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature

of the problem, issue, or task addressed; (5) whether the professional is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. § 330(a)(3). Additional factors include: (1) the novelty and difficulty of the task; (2) the requisite skill level; (3) whether the case precluded other employment; (4) the contingent nature of the fee; (5) time limitations; (6) the amount of money involved and the results obtained; and (7) the experience, reputation, and ability of the attorney. *In re Commercial Financial Services, Inc.,* 427 F.3d 804, 811 (10th Cir. 2005). *See also, Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).

The District Court for the District of Colorado noted that it is appropriate for bankruptcy judges to establish a presumptively reasonable fee amount which can be on a sliding scale dependent upon several factors. *In re Jones,* 236 B.R. 38, 42 (D. Colo. 1999). Additional time may be compensated; however, the attorney bears the burden of substantiating the reasonableness of their requested fee by submitting written time records. As stated by this Court in *Sturgeon,* counsel should make detailed, contemporaneous time entries. Time records shall be maintained in all cases.

The Court finds that in simple, no asset Chapter 7 cases, a reasonable attorney's fee in this District shall be $1,250.00. This does not preclude the trustees from seeking a reduction in fees when the attorney's work does not meet the high standards of the Court. Requests for additional fees must be made by proper application. In the present case, Mr. Wilson charged the Debtor $1,500.00 for legal services, and $299.00 of that fee was used for the bankruptcy filing fee. This Court finds that the fee charged by Mr. Wilson was reasonable under the circumstances and therefore the Trustee's Motion to Disgorge

4

Attorney fee should be denied.

IT IS THEREFORE ORDERED that the Motion to Disgorge Attorney Fee, filed by Trustee, is **denied.**

IT IS FURTHER ORDERED that the reasonable, presumptive attorney's fee in simple, no asset Chapter 7 cases in this District shall be **$1,250.00** in all Chapter 7 cases filed after this date.

###

5